UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DERRICK WAYNE FULWISE,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Case No. 5:13-cv-01767-KOB-HGD |
| ) | |
| GARY HETZEL, Warden,  ) | |
| and THE ATTORNEY GENERAL  ) | |
| OF THE STATE OF ALABAMA,  ) | |
| ) | |
| Respondents.  ) | |

## MEMORANDUM OPINION

On March 19, 2015, the magistrate judge entered his report and recommendation and gave the parties fourteen days in which to file objections to the recommendations. Petitioner obtained two extensions of time, to May 1, 2015, and May 29, 2015, in which to file objections. The court did not receive any objections from petitioner by May 29, 2015.

After the court entered its Memorandum Opinion and Final Judgment on June 25, 2015, petitioner filed a motion pursuant to Rule 60(b), Fed. R. Civ. P. With the motion, petitioner included a copy of objections signed on May 7, 2015, and proof that he delivered outgoing legal mail addressed to the clerk of court to prison

authorities for mailing. The court, therefore, found that petitioner had timely filed objections to the magistrate judge's report and recommendation. The court granted petitioner's Rule 60(b) motion and vacated the Memorandum Opinion and Final Judgment of June 25, 2015. (Doc. 30). In its Order, the court directed the Clerk to file the objections attached to Rule 60(b) motion as a separate document (doc. 30), and the Clerk did so on August 26, 2015 (doc. 31).

    The underpinning for the petitioner's objections appear to focus on the Rule 32 trial court's summary dismissal order that failed to specify which procedural bars supported its dismissal of the Rule 32 petition. What the petitioner ignores in his objections is that the Rule 32 appellate court, conducting an independent review of the record, set out in detail the specific reasons why the petitioner had not sufficiently pled his basis for his claims under Rule 32.6(b) to raise any arguable merit of those claims. (*See* doc. 12-6). Although the petitioner appears to assert that the Rule 32 appellate court had no authority to raise the Rule 32.6(b) ground sua sponte when the trial court failed to do so, he is simply wrong. (*See* doc. 12-6 at 7 (citing *McNabb v. State*, 991 So. 2d 313, 315 (Ala. Crim. App. 2007) for the proposition that it "may sua sponte apply the specificity requirement contained in Rule 32.6(b), Ala. R. Crim. P.") As such, the court OVERRULES all of the petitioner's objections.

After careful and *de novo* consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, the court will issue a COA only if

reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously.

DONE and ORDERED this 26th day of August, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE